IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CURT KOOPMAN, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>CITY OF EVANSTON and PAUL )<br>POLEP, )<br>)<br>      Defendants. ) | Case No. 25-CV-10892<br><br>Honorable Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Curt Koopman, a Captain in the Evanston Fire Department, brings this action against the City of Evanston and Paul Polep, Evanston Fire Chief, under 42 U.S.C. § 1983, alleging that he was disciplined to punish him for his political support of Donald Trump. Compl. ¶ 19, Dkt. No. 1. Count I claims that Polep violated the First Amendment to the United States Constitution. Count II claims a violation by Polep of the Illinois Local Governmental Employees Political Rights Act and, via *respondeat superior*, by the City of Evanston. Plaintiff alleges that jurisdiction arises under 28 U.S.C. §§ 1343, 1331, and 1367.

Koopman's complaint[1] alleges that "[on] or about January 20, 2025, Plaintiff and multiple other members of the Evanston Fire Department briefly donned Donald Trump masks while watching the presidential inauguration on television." Compl. ¶ 10. Further, plaintiff alleges, "[a]t some point thereafter, someone posted an image of Plaintiff and several other members of the Evanston Fire Department wearing Donald Trump masks on an internet site." Compl. ¶ 13. "When wearing the mask," plaintiff alleges, he "did not make any political

---

[1] The pleadings referred to are the Complaint, Dkt. No. 1; the Motion to Dismiss (hereinafter Motion), Dkt. No. 11; the Response to the Motion, Dkt. No. 18; and the Reply, Dkt. No. 20. The four exhibits referenced are attached as Exhibits 1–4 to the Motion.

1

statement, or express any political views." Compl. ¶ 12.

"On or about January 23, 2025, Plaintiff received written notification that he was being subjected to a disciplinary investigation," which required his attendance at a "disciplinary interrogation." Compl. ¶¶ 14–15. Plaintiff alleges that during the interrogation, "Defendant Polep ordered Plaintiff to answer all questions," including "whether he supported Donald Trump during the recent presidential election." Compl. ¶¶ 16–17. After being "required to reveal that he was a supporter of Donald Trump," plaintiff "was subjected to a seven (7) shift suspension by Defendant Polep." Compl. ¶ 18. The suspension, plaintiff alleges, "was motivated by a desire to punish Plaintiff for his political support of a presidential candidate [who] was unpopular in the City of Evanston." Compl. ¶ 19. Koopman lost wages as a result of the suspension. Compl. ¶ 20.

Defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, Dkt. No. 11. A Rule 12(b)(6) motion tests the sufficiency of a complaint rather than the case's merits. *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012). To withstand a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. When testing a complaint's sufficiency, the court accepts the complaint's well-pleaded facts as true and draws reasonable inferences from those facts in the plaintiff's favor. However, conclusory allegations that merely recite the elements of a claim do not enjoy a presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Defendants' motion to dismiss has four exhibits, all of which plaintiff's response seeks to

exclude as "extra-pleading factual assertions." Resp. to Mot. to Dismiss 1, Dkt. No. 18. Those exhibits are the transcript of the disciplinary interrogation (Exhibit 1); multiple copies of the January 20, 2025, photograph of a group of people with jackets identifying themselves as members of the Evanston Fire Department sitting in front of a television set wearing Donald Trump masks (Exhibit 2); the Notice of the Disciplinary Investigation (Exhibit 3); and the Disciplinary Action Form advising plaintiff of his seven (7) shift suspension (Exhibit 4).

As a general rule, when evidentiary materials are attached to a motion to dismiss, the court can either disregard them or convert the motion to dismiss to a motion for summary judgment and provide the plaintiff with an opportunity to present his own evidentiary materials. *See* Fed. R. Civ. P. 12(d). However, if the documents a defendant attaches to a motion to dismiss are referred to in the complaint and are central to plaintiff's claim, they may be considered without converting the motion to dismiss to a motion for summary judgment. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431–32 (7th Cir. 1993).

The exhibits defendants have attached to their motion to dismiss are referred to in plaintiff's complaint and central to its allegations. Plaintiff's complaint refers to a photograph posted of plaintiff and other members of the Evanston Fire Department wearing Donald Trump masks while watching the presidential inauguration on television, Compl. ¶¶ 10, 13; a written notification that plaintiff would be subjected to a disciplinary investigation, Compl. ¶ 14; the disciplinary investigation hearing itself, during which plaintiff was required to answer all questions and to disclose the candidate he supported in the last presidential election, Compl. ¶¶ 16–17; and the decision as a result of the disciplinary investigation that plaintiff be suspended for seven shifts, Compl. ¶ 18.

3

Because these documents are referenced in the complaint and central to its allegations, the court may and will consider them in connection with the motion to dismiss and will not convert the motion to dismiss to a motion for summary judgment. However, since it is possible that some of these exhibits may ultimately be subject to issues such as authentication, the court considers them only to the extent they are consistent with the allegations of the complaint.[2]

Defendants first argue that the complaint should be dismissed because plaintiff fails to allege that he engaged in protected speech so as to make out a claim for First Amendment retaliation. Mot. to Dismiss 5. Defendants' motion consistently misconstrues the gravamen of plaintiff's complaint, arguing that plaintiff, in his conduct of wearing a Trump mask while he watched television during the inauguration, was not engaging in speech as a private citizen. *Id.* at 5–10. Plaintiff's complaint alleges, as his response to the motion points out, not that he was punished for this conduct, but punished for his political support of Donald Trump. Compl. ¶¶ 18–19; Resp. to Mot. to Dismiss 4–5.

Defendants' reply argues that plaintiff's allegation that he was disciplined for his political affiliation rather than for wearing a Donald Trump mask while on duty fails the plausibility test under *Iqbal*. Reply 2, Dkt. No. 20. Defendants contend that the mask-wearing incident, rather than plaintiff's support for a given candidate, led to his discipline. *Id.* But defendants' contention, even if it arguably appears a sufficient and perhaps more likely explanation, does not make plaintiff's allegation of the motivation for the discipline implausible. As the Seventh Circuit has observed, a well-pleaded complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable." *See Kahn v. Walmart Inc.,* 107 F.4th 585, 594 (7th Cir. 2024) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

---

[2] Plaintiff's response acknowledges that the photograph attached to the motion was referenced in the complaint. The photograph depicts an unidentified masked person making a thumbs-up gesture. Resp. to Mot. to Dismiss 3.

At the pleadings stage, a plaintiff must provide enough facts to show that what he alleges is not the only possible explanation but merely a plausible one. *See Hughes v. Nw. Univ.*, 63 F.4th 615, 630 (7th Cir. 2023). This rule is arguably of particular importance in a case claiming retaliation. Plaintiff is not required to show that the explanation he advances operated in isolation. A successful claim for First Amendment retaliation requires that a plaintiff show that the First Amendment activity he claims as the motivation for the discipline imposed on him "was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action," not the only factor. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).[3]

The court need not decide whether the complaint's allegation of the reason for plaintiff's discipline, standing alone, would be considered plausible because the transcript of the disciplinary interrogation offered by defendants provides evidence that plaintiff's political affiliation was explicitly considered before he was disciplined. Mot. to Dismiss, Ex. 1, Dkt. No. 1-1. At the disciplinary interrogation, after being warned that he was required to answer all questions, plaintiff was asked whether he supported President Trump, and he was compelled to disclose that he had voted for him. Compl. ¶ 16; Mot. to Dismiss, Ex. 1 at 29:12–17. After plaintiff made this disclosure, interrogating counsel summed up plaintiff's testimony, noting in the summary that plaintiff "support[ed] President Trump." Mot. to Dismiss, Ex. 1 at 29:20–21. During an interrogation at which plaintiff was ordered to answer all questions, he was compelled to disclose the identity of the candidate for whom he had voted, a sensitive and normally

---

[3] The "motivating factor" standard requires "a causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). If the plaintiff satisfies his burden of proving a motivating factor, the defendant is entitled to rebut with evidence that the plaintiff's exercise of his constitutional rights, though a sufficient condition, was not a necessary one: "the harm would have occurred anyway." *Greene v. Doruff*, 660 F.3d 975, 979 (7th Cir. 2011).

confidential matter. It is hardly implausible to assume that defendants believed this was a relevant question with a relevant answer.

With a few exceptions like the need for governmental efficiency or effectiveness (which would not appear to apply to plaintiff's actions in the privacy of his conscience or the sanctity of the voting booth), a government employer may not discipline an employee because the employee supports a particular political candidate. *See Heffernan v. City of Paterson,* 578 U.S. 266, 270 (2016). Plaintiff's "support" of Donald Trump, which as far as the complaint alleges was limited to his personal beliefs and his vote, is constitutionally protected. "[U]nless political affiliation *is* an appropriate job requirement, the First Amendment forbids government officials from discharging employees based on their political affiliation." *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 64 (1990) (citing *Elrod v. Burns*, 427 U.S. 347, 351 (1976); *Branti v. Finkel*, 445 U.S. 507, 514–16 (1980)); *see also Hanson v. LeVan*, 967 F.3d 584, 588 (7th Cir. 2020).

In *Rutan*, the Court extended the ban on using political patronage as a basis for discharge to a prohibition on using patronage as a condition for various employment-related benefits, such as beneficial transfers, recalls, and promotions. 497 U.S. at 66–68. And the Seventh Circuit has held that harassment and ridicule through the selective enforcement of work rules may, if severe enough to deter an employee of ordinary firmness from exercising his First Amendment rights, be actionable. *See Pieczynski v. Duffy*, 875 F.3d 1331, 1333 (7th Cir. 1989); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Indeed, "a § 1983 case does not require an adverse employment action within the meaning of the antidiscrimination statutes, such as Title VII of the Civil Rights Act of 1964. Rather, 'any deprivation that is likely to deter the exercise of free speech is actionable.'" *Spiegla v. Hull*, 371 F.3d 928, 931 (7th Cir. 2004) (quoting *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000)). Drawing inferences in Koopman's favor, his allegation of a

6

seven-shift suspension resulting in lost wages more than adequately pleads an action likely to deter the exercise of free speech. *See* Compl. ¶¶ 19–20. Because plaintiff has alleged a plausible First Amendment retaliation claim, the motion to dismiss for failure to allege that the plaintiff engaged in conduct protected by the First Amendment is denied.

Defendants next argue that plaintiff is "impermissibly attacking the Illinois State Employees and Officials Ethics Act [hereinafter, the Act] . . . [b]y contending that he has the ability to engage in political activity during working hours." Mot. to Dismiss 11. As in addressing plaintiff's First Amendment retaliation claim, defendants rely on what *they* contend was *their* motivation for disciplining plaintiff: his decision to watch the presidential inauguration while wearing a Donald Trump mask while he was on duty. That is not what the complaint alleges. Discovery may, or may not, reveal that what defendants claim was their motivation was in fact their motivation, but at the motion to dismiss stage, plaintiff's allegation that he was disciplined for supporting Donald Trump, made plausible by the transcript of the disciplinary interrogation, must be taken as true.

Finally, defendants contend that Chief Polep is entitled to qualified immunity. Evaluation of a claim of qualified immunity requires a two-step analysis. First, the plaintiff's claim must state a violation of his constitutional rights. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). As discussed above, plaintiff's claim that he was punished for his support and vote for a specified political candidate, which he was compelled to disclose at the disciplinary interrogation, states a violation of his constitutional rights. Second, the court must determine whether the right was "clearly established" at the time the alleged violation occurred. *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000) (citing *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994)). If the right was clearly established, the defendant may be liable for

monetary damages and the suit proceeds to the next stage. If the right was not clearly established, the defendant is immune from suit and the claim is dismissed. *See id.* A right is clearly established when its contours are sufficiently clear so that a reasonable official would realize that what he was doing was lawful or unlawful. *See Shields v. Burge*, 874 F.2d 1201, 1205 (7th Cir. 1989) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). This does not mean that there has to be a case on point holding that an official's exact conduct is illegal before an official can be found to be liable. What is required is that, "in the light of preexisting law the unlawfulness must be apparent." *Id.* (quoting *Anderson*, 483 U.S. at 640); *see also Pam et al. v City of Evansville*, 154 F.4th 523, 530 (7th Cir. 2025).

"It is the plaintiff['s] burden to demonstrate that a constitutional right is clearly established." *Jacobs,* 215 F.3d at 766 (citing *Kernats*, 35 F.3d at 11176). To determine whether a right is clearly established, courts are instructed first to look at controlling Supreme Court precedent and then to circuit decisions on the issue. *See Kemp v. Liebel*, 877 F.3d 346, 351 (7th Cir. 2017).

Supreme Court cases have made clear for over a quarter of a century that government officials are prohibited from discharging, threatening to discharge, or disciplining public employees for not supporting the officials' preferred political party, unless party affiliation is an appropriate requirement for the position involved. *Rutan*, 497 U.S. at 66–68 (citing *Elrod,* 427 U.S. at 351; *Branti,* 445 U.S. at 514–16). The Seventh Circuit has made clear that suspensions (suspensions actually served, as plaintiff's was) based on political patronage are impermissible. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1120 (7th Cir. 2009); *see also Whittaker v. N. Ill. Univ.,* 424 F.3d 640, 647 (7th Cir. 2005) (Title VII).[4] Using political

---

[4] Plaintiff states in his response brief that he served the suspension. Resp. to Mot. to Dismiss 2, Dkt. No. 18.

patronage as a basis for discipline such as a suspension is and for many years has been a clear violation of the law.  Qualified immunity, if plaintiff proves what he has alleged, is not available.

For the reasons set forth above, the Motion to Dismiss [Dkt. No. 11] is denied.

Date: January 27, 2026                                       /s/ Joan B. Gottschall
                                                             United States District Judge